IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18CR00753-001 |
| | ) | |
| Plaintiff, | ) | THE HONORABLE JOHN R. ADAMS |
| | ) | U.S. DISTRICT COURT JUDGE |
| -vs.- | ) | |
| | ) | SENTENCING MEMORANDUM OF |
| ABDUL A. MALLORY | ) | DEFENDANT ABDUL A. MALLORY |
| | ) | |
| Defendant. | ) | |

Defendant, Abdul A. Mallory has pled guilty to Counts 1 through 5 of the Indictment, which charge: Distribution of Cocaine Base, Counts 1, 2, 4, and 5, and Distribution of Cocaine and Fentanyl, Count 3, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

According to the Presentence Investigation Report, Mr. Mallory's Base Offense Level is 12. Mr. Mallory has accepted responsibility, and therefore a two (2) level reduction is warranted under USSG §3E1.1(a). This makes the final offense level 10. Mr. Mallory has two (2) criminal history points and is in Criminal History Category II. Consequently, his Guideline range is 8 to 14 months and in Zone B of the Guidelines Sentencing Chart.

Mr. Mallory requests this Court for a sentence sufficient, but not greater than necessary, to fulfill the requirements of 18 U.S.C. § 3553(a) after considering all factors. A more thorough explanation of this request is set forth in the attached Memorandum in Support.

Respectfully submitted,

s/ Leif B. Christman
**LEIF B. CHRISTMAN (0070014)**
55 Public Square, Suite 2100
Cleveland, Ohio 44113
Tel: 216-241-5019

Fax: 216-241-5022
E-mail: LBChristman@hotmail.com
*Attorney for Abdul A. Mallory*

<u>**MEMORANDUM IN SUPPORT**</u>

**I.     Introduction**

On May 14, 2019, Abdul Mallory entered a guilty plea to the Indictment as charged. There is no plea agreement in this case. Mr. Mallory's sentencing is set for August 21, 2019.

According to the Presentence Investigation Report ("PSR"), Mr. Mallory's Base Offense Level is 12 pursuant to USSG §2D1.1(a)(5) and (c)(14). PSR at ¶19. Mr. Mallory has accepted responsibility, and therefore a two (2) level reduction is warranted under USSG §3E1.1(a). He provided the following acceptance of responsibility statement:

> I accept full responsibility for my actions in this case. I am responsible for all of the actions attributed to me in the indictment of this matter.
>
> I wish to apologize to this Honorable Court, my parents, and the people that were affected by my actions.
>
> I regret taking the easy way to make money when I was raised to do the right thing in life. I worked with my father at his barbershop and I took pride in our family business. My parents pushed me to finish my high school requirements when my dedication to education was lacking. They sent me to Youth Challenge Military School, Ft. Stewart, GA, where I earned my GED in 2012. I went on to attend college at Atlanta Art Institute.
>
> I know that I have a lot to offer my community and wish to make my parents proud of me once again.
>
> I asked this Honorable Court to recognize the good in me and the support that I have in my life. I will not let any trust that you may place in me down.
>
> I am remorseful and accept any punishment this Court sees fit.
>
> Yours,
>
> Abdul Mallory

With the adjustment for Acceptance of Responsibility, the final Offense Level is 10.

Mr. Mallory has two (2) criminal history points. With two (2) criminal history points, he is in Criminal History Category II.

1

With a Total Offense Level of 10 and Criminal History Category II, his Guidelines range is 8 to 14 months. And he is in Zone B of the Guidelines Sentencing Chart.

**II.     The Statutory Sentencing Factors**

In determining the sentence to be imposed, this Court is to consider the factors codified at 18 U.S.C. § 3553(a), guided by *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005); *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456 (2007), and *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586 (2007). As the full Sixth Circuit observed:

> *Booker* empowered district courts, not appellate courts and not the Sentencing Commission. Talk of presumptions, plain error and procedural and substantive rules of review means nothing if it does not account for the central reality that *Booker* breathes life into the authority of district court judges to engage in individualized sentencing within reason in applying the § 3553(a) factors to the criminal defendants that come before them.

*United States. v. Vonner*, 516 F.3d 382, 392 (6th Cir.) (*en banc*), *cert. denied*, 555 U.S. 816 (2008).

*Booker*, and its progeny, permits the sentencing court to consider even those mitigating factors that the advisory guidelines prohibit; i.e., poverty, racial discrimination and humiliation, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth, etcetera. *See, United States v. Ranum*, 353 F. Supp.2d 984 (E.D. Wisc. 2005)("'[T]he guidelines' prohibition of considering these factors cannot be squared with the Section 3553(a)(1) requirement that the court evaluate the 'history and characteristics' of the Defendant... [T]hus, in cases in which a Defendant's history and characteristics are positive, consideration of all of the Section 3553(a)(1) factors might call for a sentence outside the guideline range.").

Prior to sentencing Mr. Mallory, the Court must evaluate the factors listed in 18 U.S.C. § 3553(a) to determine a reasonable sentence for the defendant. Per 18 U.S.C. § 3553(a), the Court

must consider the following: the nature and circumstances of the offense and the history of the defendant; the need for the sentence imposed (considering seriousness of offense, deterrence, protecting the public, and providing the defendant with needed treatment in the most effective manner); the types of sentences available; sentencing ranges; policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and restitution to the victim of the offense. 18 U.S.C. § 3553(a) (2008).

Looking at the nature and circumstances of the current offense and the history of the defendant, the Court should consider several factors specific to Mr. Mallory. Mr. Mallory comes from a good family and maintains a close bond with his family members even when living many miles apart. His family is a positive influence in his life and consistently encourages him to do better. He is the father of a 5-year-old girl and has a 7-month-old son. He is actively involved in the lives of his two young children. Mr. Mallory earned his GED in 2012 and maintains stable employment. Mr. Mallory is artistically talented and is looking forward to the opportunity to use his creativity to give back to his community and set a positive example for his children.

The second factor to be evaluated by the Court is the need for the sentence imposed, considering seriousness of the offense, deterrence, protecting the public, and providing the defendant with needed treatment in the most effective manner. The legislature and United States Sentencing Commission have recognized that offenders similarly situated with Mr. Mallory do not require harsh sentences in order to be justly punished for their crimes. The legislature codified this sentiment through the First Step Act of 2018, which expands the sentencing "safety-valve" for nonviolent drug offenders, like Mr. Mallory. This safety valve provision allows for a two-level decrease in the offense level for nonviolent drug offenders who meet the criteria set forth in 18 U.S.C. § 3553(f).

Under 18 U.S.C. § 3553(f), the Court may impose an appropriate sentence, "without regard to any statutory minimum sentence," if the Court finds the following factors to be true: (1) the defendant does not have more than four (4) criminal history points, or a prior 3-point offense, or a prior 2-point violent offense; (2) the defendant did not use violence or threats of violence or possess a weapon in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, and was not engaged in a continuing criminal enterprise; (5) and not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. Mr. Mallory has two (2) criminal history points; did not use violence, threats of violence, or a weapon in the acts that he has admitted to through his guilty plea; the present offense did not result in death or serious physical harm to another; there is no criminal enterprise involved in the underlying offense; and, Mr. Mallory has truthfully provided all information he possesses regarding the instant offense. Therefore, Mr. Mallory asks that this Court to reduce his criminal offense level by two (2) levels and to disregard the minimum sentence prescribed by statute or the Guidelines when determining his sentence.

The two-level safety valve reduction will place the offense level in Zone A and a 4 to 10-month sentence recommendation. Mr. Mallory was arrested on March 26, 2019 and remanded during the pendency of this matter. At the time of his sentencing, Mr. Mallory will have spent four (4) months and 26 days in federal custody on this indictment.

5

Mr. Mallory acknowledges that a special assessment of $500 is mandatory by statute. Mr. Mallory requests that no additional fines be imposed, as he lacks the financial capacity to pay a fine. (PSR ¶56).

For the foregoing reasons, Mr. Mallory requests a sentence that is sufficient, but not greater than necessary, to fulfill the requirements of 18 U.S.C. § 3553(a).

Respectfully submitted,

s/ Leif B. Christman
**LEIF B. CHRISTMAN (0070014)**
55 Public Square, Suite 2100
Cleveland, Ohio 44113
Tel: 216-241-5019
Fax: 216-241-5022
E-mail: LBChristman@hotmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2019, a copy of the Sentencing Memorandum of Defendant Abdul Mallory was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

s/ Leif B. Christman
Leif B. Christman
*Attorney for Abdul A. Mallory*